**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANCISCO VILLA-ROBLES, | : | Civil No. 05-1531 (RBK) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| UNITED STATES OF AMERICA, et al., | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**APPEARANCES**:

> FRANCISCO VILLA-ROBLES, #42102-054
> F.C.I. Fort Dix
> P.O. Box 7000
> Fort Dix, New Jersey  08640

**KUGLER**, District Judge

Francisco Villa-Robles, a prisoner incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, filed a "MOTION TO CORRECT THE PRESENTENCE REPORT (P.S.R.) STATUS AS A 'NATIONAL OF THE UNITED STATES' 8 U.S.C. § 1101(a)(22)" in the United States District Court for the Southern District of Florida.  By order entered February 12, 2004, United States District Judge James I. Cohn construed the case as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and transferred the case to this Court, the district wherein Petitioner is confined. The government filed an Answer seeking dismissal of the Petition, together with certified copies of relevant documents.  Petitioner

filed a Reply to the Answer and a motion for a decision.  After
thoroughly reviewing his submissions and considering the matter
pursuant to Fed. R. Civ. P. 78, the Court will dismiss the
Petition and deny the motion as moot.

### I.   BACKGROUND

Francisco Villa-Robles is a federally sentenced inmate who
is serving a 151-month sentence, imposed by the United States
District Court for the Southern District of Florida based on his
plea of guilty to conspiracy to defraud the United States and
conspiracy to distribute cocaine.  He was born in the Dominican
Republic on July 19, 1950, and he emigrated to the United States
in or before 1988.  In April of 1996, Petitioner executed Form
N400 Application for Naturalization, which was filed by the
Immigration and Naturalization Service on July 5, 1996.

On July 17, 1997, Petitioner was arrested pursuant to an
arrest warrant issued by the United States District Court for the
Southern District of Florida.  See United States v. Villa, Crim.
No. 97-621 (S.D. Fla. filed Aug. 8, 1997).  An indictment was
filed on August 8, 1997, and on August 27, 1997, the court issued
an order of detention.  Id.  On December 12, 1997, Petitioner
entered a guilty plea in accordance with a plea agreement.  On
February 27, 1998, United States District Judge Shelby Highsmith
sentenced Petitioner to 151 months of imprisonment and five years

of supervised release.  Id.  Petitioner appealed, and on August 17, 1999, the United States Court of appeals affirmed.  Id.

On April 5, 2000, the INS sent Petitioner, at the last known address reflected on his application for naturalization, a notice instructing Petitioner to appear on April 27, 2000, for fingerprinting.  (Notice of Denial Due to Abandonment, dated May 31, 2001).  Petitioner did not appear.  (Id.)  By notice dated May 31, 2001, the INS informed Petitioner that his application for naturalization (N400) was denied because he failed to appear for fingerprinting.  (Id.)  The notice further advised Petitioner that he could file a motion to reopen within 15 days, at which time the decision denying his application would become final.  (Id.)  Petitioner did not file a motion to reopen.      On December 4, 2003, Petitioner signed the Motion to Correct the Presentence Report Status as a National of the United States, accompanied by a Statement of Facts, which the United States District Court for the Southern District of Florida transferred to this Court as a § 2241 Petition.  Petitioner asserts that, although his Presentence Report incorrectly identified him as an "alien," he applied for citizenship on April 12, 1996, and he is a United States National.  He asserts that immigration officials have lodged a detainer indicating that an investigation has been initiated to determine whether Petitioner is subject to deportation from the United States and requesting immediate

3

transfer to FCI Oakdale, Louisiana, when he is designated to OAK

INS.  (Detainer, dated May 4, 1999, Ex. C to Answer.)  Petitioner

asserts that, as a result of the detainer, he is not eligible for

programs, such as the Residential Drug Abuse Treatment Program.

He seeks an order declaring him a United States National and

directing immigration officials to withdraw the detainer lodged

against him.

The government filed an Answer seeking dismissal of the

Petition on two grounds.  First, the government argues that this

Court lacks jurisdiction over the Petition because Petitioner is

not "in custody" under 28 U.S.C. § 2241.  Second, the government

contends that Petitioner is an alien, rather than a national of

the United States.  Petitioner filed a Reply to the Answer,

arguing that he did not abandon his application for

naturalization and that the INS mistakenly denied the application

on the ground of abandonment.  In addition, Petitioner asserts

that he was in fact fingerprinted.  Attached to the Reply is a

document dated March 28, 1996, which purports to depict

Petitioner's fingerprints for the purpose of naturalization.

## II.  DISCUSSION

### A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides

in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in

> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under §
2241(c)(3) if two requirements are satisfied:  (1) the petitioner
is "in custody" and (2) the custody is "in violation of the
Constitution or laws or treaties of the United States."  28
U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1
James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice
and Procedure § 8.1 (4th ed. 2001).

Neither the Supreme Court nor the Third Circuit Court of
Appeals has specifically determined when the lodging of an INS
detainer satisfies the "in custody" requirement under § 2241.
However, several circuits have held that an INS detainer
requesting advance notice of a prisoner's release, without more,
does not satisfy the "in custody" requirement of § 2241.  See
Zolicoffer v. United States Dept. of Justice, 315 F.3d 538, 541
(5th Cir. 2003) ("prisoners are not 'in custody' for purposes of
28 U.S.C. § 2241 simply because the INS has lodged a detainer
against them"); Garcia v. Taylor, 40 F.3d 299, 303, 304 (9th Cir.
1994) ("the bare detainer letter alone does not sufficiently
place an alien in INS custody to make habeas corpus available"
where it does not ask "the warden to do anything but release
Garcia at the end of his term of imprisonment"); Prieto v. Gluch,
913 F.2d 1159, 1164 (6th Cir. 1990) (petitioner not "in custody"

where INS "detainer notice does not claim the right to take a
petitioner into custody in the future nor does it ask the warden
to hold a petitioner for that purpose"); Orozco v. Immigration
and Naturalization Service, 911 F.2d 539, 541 (11th Cir. 1990)
("filing of the detainer, standing alone, did not cause Orozco to
come within the custody of the INS"); Campillo v. Sullivan, 853
F.2d 593, 595 (8th Cir. 1988) (where detainer "merely notifies
prison officials that a decision regarding his deportation will
be made by the INS at some future date . . . filing of an INS
detainer, standing alone, does not cause a sentenced offender to
come within the custody of the INS").

In Vargas v. Swan, 854 F.2d 1028 (7th Cir. 1988), the
Seventh Circuit analyzed circumstances under which an INS
detainer satisfies the "in custody" requirement.  Vargas, a
Mariel Cuban incarcerated by the State of Wisconsin, filed a
habeas petition challenging an INS detainer.  Id. at 1029.  The
detainer sought notice of Vargas's pending release date at least
30 days in advance but was accompanied by neither a warrant of
arrest nor an order to show cause.  Id. at 1030.  Declining to
"take the detainer label affixed here and rotely match it up with
cases labeled detainer cases," the Seventh Circuit considered
"the effect of the INS's action and whether it restrain[ed]
Vargas to the extent found sufficient to establish custody in
other detainer cases."  Id.  Based on Braden v. 30th Judicial

6

Circuit Ct. of Kentucky, 410 U.S. 484, 489 n.2 (1973), Moody v.

Daggett, 429 U.S. 78, 80-81 n.2 (1976), and Preiser v. Rodriguez,

411 U.S. 475 (1973), the Seventh Circuit concluded that "an

action that has as part of its effect the 'holding' of a prisoner

for a future custodian who has evidenced an intent to retake or

to decide the prisoner's future status at the end of his or her

current confinement serves to establish custody for habeas

purposes."  Id. at 1032.  Because the INS failed to place

sufficient evidence in the record to establish the effect of the

INS detainer, however, the Seventh Circuit remanded for a

determination whether the prison treated the INS detainer as a

request for a "hold" or only as a request for notice.  Id. at

1033.

In this case, the detainer requests Petitioner's transfer to

the INS facility in Oakdale, Louisiana.  In the interest of

expediting resolution of this case, the Court finds that

Petitioner is "in custody" pursuant to the detainer.

B.  National

The Immigration and Nationality Act defines an "alien" as

"any person not a citizen or national of the United States."  8

U.S.C. § 1101(a)(3).  The Act defines "national" as "(A) a

citizen of the United States, or (B) a person who, though not a

citizen of the United States, owes permanent allegiance to the

United States."  8 U.S.C. § 1101(a)(22).

7

Petitioner contends that he satisfies the second prong of the definition because he proved his allegiance to the United States by completing an application for naturalization (Form N400).  However, the United States Court of Appeals for the Third Circuit has held that a person can become a "national of the United States" only through birth in a territory of the United States or full naturalization.  See Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).  For a citizen of another country, such as Petitioner, "nothing less than citizenship will show 'permanent allegiance to the United States.'"  Id.  Although Petitioner applied for naturalization in 1996, the INS denied his application on May 31, 2001.  Moreover, as a result of Petitioner's conviction on February 27, 1998, he is no longer eligible for naturalization.  Federal law provides that no person shall be naturalized unless the applicant fulfills the residency requirements and "is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."  8 U.S.C. § 1427(a); 8 C.F.R. 316.2(a).  The applicant has the burden of establishing the qualifications for naturalization.  See 8 U.S.C. §§ 1427(e), 1429; 8 C.F.R. 316.2(b); Berenyi v. District Director, 385 U.S. 630, 636-37 (1967).  A person who has been convicted of a crime relating to a controlled substance may not be found to be a person of good

moral character.  See 8 U.S.C. § 1101(f)(3) (person who has been convicted of a crime relating to a controlled substance, see 8 U.S.C. § 1182(a)(2)(A)(i)(II), may not be found to be a person of good moral character); see also Salim, 350 F.3d at 310.  Based on the foregoing, Plaintiff's claim is without merit and the Petition will be dismissed.  The Court will deny Petitioner's motion for a decision as moot.

## III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies the motion for a decision as moot.


s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


DATED:   May 23  , 2006